## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MIAO SHENG BAO,

        Petitioner,

    v.

LEONARDO ODDO; *et al.*,

        Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. 3:26-CV-110

## <u>ORDER</u>

Petitioner Miao Sheng Bao, a native of China, came to the United States in 1999.  ECF 1 at 2.  In 2002, the Board of Immigration Appeals affirmed a final order of removal for Mr. Bao.  ECF 9 at 2.  But Mr. Bao was never deported, and from 2007 until 2025, he has been allowed to live freely in the country but under an Order of Supervision.  *Id.*  In May 2025, ICE detained Mr. Bao under 8 U.S.C. § 1231(a)(6), subjecting him to detention while DHS attempts to effectuate the final order of removal and deport Mr. Bao to China.  ECF 7 at 4.

Mr. Bao filed this habeas petition challenging his ongoing detention.  ECF 1.  The government has yet to remove Mr. Bao, and he has now been detained nearly 11 months.  In Mr. Bao's view, his detention violates his due process rights.  *Id.* at 13.  For now, it doesn't.

This is a "*Zadvydas* claim."  *See Zadvydas v. Davis*, 533 U.S. 678, 682 (2001).  The law permits Mr. Bao's detention, but not indefinitely.  There is a "reasonable time" limitation to Mr. Bao's detention.  *See id.  Zadvydas* created a burden-shifting framework for determining if detention has become unreasonable.  After six months' detention, a petitioner may show that there is "no significant likelihood of removal in the reasonably foreseeable future."  *Id.* at 701.  It is then on the government "to

respond with evidence sufficient to rebut that showing." *Id.* If the government cannot demonstrate that removal will happen in the reasonably foreseeable future, then Section 1231(a)(6) no longer authorizes that petitioner's detention. *Id.* Because the government has demonstrated that removal is likely to happen soon, Mr. Bao's detention is not currently unlawful.

The Court finds that Mr. Bao has met his initial "burden." As Mr. Bao points out, the proof is in the "history" of his case. *See* ECF 9 at 2. For two decades, the government has been unable to deport Mr. Bao. And after nearly 11 months of detention, Mr. Bao is still here. Respondents argue that Mr. Bao hasn't carried his burden to prove that his removal isn't likely in the reasonably foreseeable future. ECF 7 at 4. But that's not fair. The Court will not require Mr. Bao to prove a negative—that his removal isn't likely to happen—through documents primarily in Respondents' control. That's not a workable standard. Sometimes, the facts speak for themselves, and the government's inability to deport Mr. Bao to China for over two decades, highlighted by the last 11 months of detention, is enough for Mr. Bao to show that his removal isn't likely anytime soon.

That shifts the burden to Respondents to show why Mr. Bao's removal is likely in the reasonably foreseeable future. Here, Respondents have met their burden. Respondents represent that Mr. Bao's "removal is imminent." ECF 10 at 1. A signed deportation officer's declaration from April 14, 2026, provided the details behind Mr. Bao's removal process, and represented to the Court that Mr. Bao "is booked on a charter flight for removal to China within the next three weeks." ECF 10-1 at 3. That satisfies Respondents' burden to show why Mr. Bao will likely be deported soon.

The Court finds that Mr. Bao's detention is presently lawful and HEREBY DENIES the petition for a writ of habeas corpus. This is without prejudice. The Court relies on Respondents' proffer that Mr. Bao will be removed in the next three

- 3 -

weeks.  If it's May 5, 2026 and Mr. Bao is still here, he is free to move the Court for relief.

DATED this 22nd day of April, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge